MATTHEWS and others *v.* GREEN.[1]

*(Circuit Court, E. D. Pennsylvania.* February 11, 1884.)

PATENT—LICENSE—SALE OF, TO SATISFY JUDGMENT DEBT.

A license to use a patented invention may, by a bill in equity, be subjected to sale for the payment of a judgment debt.

Hearing on Bill, Answer, and Proofs.

This was a bill in equity by John Matthews and others, citizens of New York, against Robert M. Green, a citizen of Pennsylvania, setting forth that by an agreement under seal, dated the thirteenth of February, 1874, complainants, in consideration of one dollar, granted to defendant the exclusive right to use Matthews, patent steel fountains for aerated beverages, patent dated June 25, 1872, No. 182,411, and "Mathews' patent wagons for transporting soda-water fountains," patent dated April 9, 1872, No. 125,592, for the term of the patents, within the city of Philadelphia, provided that defendant should purchase from complainant within four years a number of fountains, equal to one for each 500 inhabitants of the territory; and the defendant agreed to purchase from complainant all the fountains he might need in his business, and not to sell or dispose of the fountains to go outside of the territory without the written consent of the owner of the territory in which he might desire to send them, nor to continue to use the same, except within the territory granted after notice given by complainants. In pursuance of this agreement, a large number of fountains, to the value of about $24,000, were furnished to defendant, and for a balance of the price he gave certain promissory notes, upon which the complainants had obtained judgments, in the court of common pleas of Philadelphia, for $4,709.99, $1,117.17, and $1,203.16, respectively, and upon the first judgment a writ of *fieri facias* had been returned, "no goods." That the defendant had neglected and refused to perform the covenants of said agreement by failing to pay the notes, and by using the fountains without the limits of Philadelphia, after notice. It was provided in the agreement that, upon the failure of the defendant to perform the covenants, the

---

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

complainants, at their option, and they being the judges thereof, might cancel the same. The bill prayed an injunction restraining the further use of the patents; that the agreement should be delivered up and canceled; or, in the alternative, that the license or right (if any there be) of the defendant in the patents be ordered to be sold by the decree of the court, to satisfy, so far as may be, the complainants' judgments, and an account of the profits realized by the use of fountains outside of Philadelphia. The defendant claimed that he had sustained damage by reason of defects in the fountains, and by the failure of the complainants to protect him from an interference by parties manufacturing similar fountains, and contended that the written contract had been modified by an understanding that in certain cases he should have the right to use the fountains without the limits of Philadelphia. It appeared that the defense of defects in the fountains had been made by the defendant in the actions upon the above-mentioned promissory notes, and that in one case the jury had rendered a verdict for $1,000 less than the claim of the plaintiffs, and in the remaining two cases the jury had rendered verdicts for the full amounts of the notes. The defense of failure to protect from infringement by other manufacturers was also set up as a defense in these suits. Whether, however, any evidence was given under it, or whether it entered into the computation of damages, was a question in dispute. It also appeared that in 1879 complainants made oath to the invalidity of their patent for fountains, and surrendered it for the purpose of obtaining a reissue.

*Wayne McVeagh,* (with whom was *G. T. Bispham,*) for complainants.

The matters of defense have passed *in rem judicatam.* The defendant's right was *to use,* not to *make* and *sell,* and not being a grant of an *entire* interest, was a mere license. *Gayler* v. *Wilder,* 10 How. 494; *Hayward* v. *Andrews,* 106 U. S. 673; S. C. 1 Sup. Ct. Rep. 544; Walk. Pat. 216. A patent-right may be taken in execution by bill in equity. *Ager* v. *Murray,* 105 U. S. 126. A license may be equitably conveyed. *Wilson* v. *Stolley,* 4 McLean, 275.

*Frank P. Prichard,* (with whom was *John G. Johnson,*) for defendant.

Complainants are not entitled to an injunction to restrain a purchaser from using purchased machines because he has failed to pay a balance of the price; nor are they entitled to an injunction restraining the use of the machines outside of Philadelphia since the remedy provided by the agreement for that use was the forfeiture of respondent's exclusive right within the territory. Complainants have shown no such irreparable damage as entitles them to the aid of a court of equity.

BUTLER, J. We see no serious objection to granting the relief asked for by the third prayer of the bill—that the license held by the respondent be sold towards satisfying the complainants' judgments. The paper of February 13, 1874, executed by the parties, was in-

tended to and does control and regulate the use of all the "fountains" obtained. It is, in effect, a license conferring on the respondent a right to use the fountains in the city of Philadelphia, to the exclusion of all other persons. The compensation or price named, and to be paid, was the consideration for the fountains, and the use, thus limited. The respondent having failed to pay the judgments recovered, for money due under this contract, it is just that the license should be subjected to sale for this purpose.

The questions arising out of the first and second prayers need not be discussed. It is sufficient to say that the relief just indicated is all the complainants should have on the bill.

A decree may be prepared accordingly.